## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

MICHAEL DAKOTA PHILLIPS,

      Plaintiff,

v.                             Case No.  5:21-cv-100-TKW/MJF

NATHANIEL BROWN, *et al.*,

      Defendants.

_____/

## AMENDED REPORT AND RECOMMENDATION

Plaintiff Michael Dakota Phillips ("Phillips") initiated this action under 42 U.S.C. § 1983 against five defendants—all of whom are employees of the Florida Department of Corrections ("FDC"). Phillips asserts the following claims: (1) a First-Amendment "freedom exercise" claim against Officer Nathaniel Brown ("Brown"); (2) an Eighth-Amendment excessive-force claim against Brown and Officer A. Williams ("Williams"); (3) an Eighth-Amendment "cruel and unusual" punishment claim against Captain K. Rotter ("Rotter"); (4) a First-Amendment retaliation claim against Rotter; (5) and a Fourteenth-Amendment due-process claim against Warden J. Holden ("Holden"), Classification Officer J.P. Merrill ("Merrill), and Rotter.

The facts alleged in Phillips's second amended complaint, Doc. 15, fail to state a facially plausible claim under the First and Fourteenth Amendments against any of the named defendants. He also fails to state a claim against K. Rotter under the Eighth Amendment. The undersigned, therefore, recommends that Phillips's claims under the First and Fourteenth Amendments and the Eighth-Amendment claim against Rotter be dismissed with prejudice, under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief can be granted. Additionally, the undersigned recommends that the District Court deny Phillips's implicit request to amend his second amended complaint.[1]

## I. BACKGROUND

On May 5, 2021, Phillips commenced this action against Brown, Williams, and Rotter. Doc. 1 at 1, 7. After Phillips paid the initial partial filing fee, the undersigned determined that Phillips's allegations were insufficient to state a claim for relief under the First and Eighth Amendments against the named defendants. Doc. 11. The undersigned ordered Phillips to file a notice of voluntary dismissal or an amended complaint clarifying his allegations. *Id.*

---

[1] On June 7, 2022, the undersigned recommended that the District Court dismiss Phillips's First- and Fourteenth- Amendment claims against all Defendants and his Eighth-Amendment claim against Rotter. Doc. 16. On June 16, 2022, Phillips filed a proposed third amended complaint. Doc. 20. The undersigned, therefore, prepared this amended report and recommendation to addresses Plaintiff's proposed third amended complaint.

Phillips timely filed his first amended complaint. Doc. 12. In his first amended complaint, Phillips added his due-process claims against Holden and Merrill. *Id.* at 2. The undersigned again determined that Phillips insufficiently pleaded his claims against Defendants. Doc. 14. The undersigned provided Phillips a final opportunity to amend his complaint to provide sufficient factual allegations to state a claim or to file a notice of voluntary dismissal. *Id.*

Phillips timely filed his second amended complaint. Doc. 15. Phillips sought declaratory relief, compensatory damages, and punitive damages. *Id.* at 13. The undersigned recommended dismissal of several of Phillips's claims. Doc. 16. Phillips did not object to the undersigned's report and recommendation. Instead, he filed a proposed third amended complaint. Doc. 20. Phillips, however, did not submit a motion for leave to amend. *Id.* In this proposed third amended complaint, Phillips names only four Defendants and has dropped his claims against Defendant Rotter. *Id.* He seeks to amend his complaint to allege (1) a First Amendment claim against Brown; (2) an Eighth Amendment claim against Brown, Williams, Merrill, and Holden; and (3) a Fourteenth Amendment claim against Merrill and Holden. Doc. 20 at 12.

Unless otherwise stated, the facts below are drawn from the second amended complaint and are presumed to be true for purposes of the report and recommendation.

A.    **Facts Relating to the First Amendment "Freedom Exercise" and Eighth-Amendment Use of Force Claims Against Williams and Brown**

On January 28, 2021, Phillips was in the "chow hall" at the Northwest Florida Reception Center ("NWFRC"). Doc. 15 at 7. According to the exhibits attached to his proposed third amended complaint, Phillips was in line to receive food. Phillips admits that he exited the queue because there was no movement. Doc. 20-1 at 22. When Phillips realized that the food service worker was going to distribute his "religious preference" meal, Phillips reentered the queue and received the meal. *Id.*

Brown then confiscated Phillips's meal and asked Phillips to leave the chow hall. *Id.* Brown did not offer a reason for taking Phillips's meal. Phillips pleaded with Brown to return the meal to Phillips. When his entreaties failed, Phillips attempted to grab the meal. *Id.* Brown responded by grabbing Phillips's wrist. *Id.*; Doc. 15 at 7-8. Phillips then punched Brown. Doc. 20-1 at 23. Doc. 15 at 8; Doc. 1 at 5. Brown and Williams used force to subdue Phillips. Doc. 15 at 8.

Phillips asserts that he ceased resisting the officers once Brown and Williams "redirected him" to the ground. *Id.* 8-9. Williams, nevertheless, purportedly continued to use force on Phillips. Williams allegedly hit Phillips with an unknown object, tried to gouge Phillips's left eye, and attempted to break Phillips's hand. *Id.* at 9. Brown observed these actions and did not intervene or attempt to protect

Phillips. Phillips alleges that Williams's use of force caused a hematoma in his left eye, which resulted in vision loss and requires Phillips to use corrective lenses. *Id.*

**B.**    **Facts Relating to the "Cruel and Unusual" Punishment Claim, First-Amendment Retaliation Claim, and Due-Process Claim Against Rotter**

Between January 28, 2021, and January 31, 2021, unnamed FDC staff purportedly retaliated against Phillips by shutting off the heater in his cell. Doc. 15 at 9. The officers also allegedly denied Phillips meals. *Id.* Phillips asserts that these unnamed officers did this "on behalf of Cpt K. Rotter et al." *Id.* Rotter was "the officer in charge of the compound" at the NWFRC and his responsibilities included the supervision and discipline of correctional staff at the NWFRC. *Id.* at 7.

**C.**    **Facts Relating to the Due-Process Claims Against Holden and Merrill**

Phillips alleges that on February 5, 2021, pending the resolution of a disciplinary hearing, he was placed in disciplinary confinement. Doc. 15 at 11. Phillips vaguely concludes that he was denied due process. *Id.* On February 9, 2021, Phillips was found guilty at a disciplinary hearing. *Id.* at 10. Phillips does not specify the basis for this disciplinary hearing, but presumably it addressed Phillips's battery of Brown on January 28, 2021. Regardless, the disciplinary panel sentenced Phillips "to 58 days of 'DC' time and a loss of 34 days gain time." *Id.*

Approximately six months later, on August 5, 2021, an unspecified individual "approved [Phillips] for close management." *Id.* Prior to being placed in close

management, FDC staff did not provide Phillips with a "DC6-238 close management review" form or a "DC6-265 close management review waiver form" as required in the FDC regulations. Doc. 15 at 10. The FDC then sent Phillips to Charlotte Correctional Institution and placed him in close management. Phillips asserts that these actions were taken on behalf of Holden and Merrill. *Id.* at 11.

## II. STANDARD

Because Phillips is a prisoner, the undersigned is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see id.* § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Federal Rule of Civil Procedure 12(b)(6) governs whether a complaint states a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Carbone v. CNN, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2019).

Under Rule 12(b)(6), the court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," rather than the mere possibility that the defendant acted unlawfully. *Id.* That is, the complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (reiterating that Federal Rule of Civil Procedure 8 demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

### III. DISCUSSION

### A.   <u>Failure to Allege a First-Amendment Violation—Free Exercise Clause</u>

In order to state a claim under the First Amendment's Free Exercise Clause, a plaintiff must allege that the prison officials placed a "'substantial burden' on a sincerely held religious belief." *Robbins v. Robertson*, 782 F. App'x 794, 801 (11th Cir. 2019) (citing *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1256 (11th Cir. 2012)). Phillips has not made such an allegation in his second amended complaint. Indeed, Phillips has not alleged any facts indicating that he "holds a belief . . . that is sincerely held and religious in nature." *GeorgiaCarry.Org, Inc.*, 687 F.3d at 1256. Nor has he alleged facts that his preference for a particular meal was tied to any religious tenet or belief.

Indeed, as to his First-Amendment "free exercise" claim, Phillips's second amended complaint includes only one sentence: "On January 28, 2021, . . . Officer Nathaniel Brown took [Phillips's] religious diet meal without cause of reason, placing a substantial burden on a sincerely held religious belief." Doc. 15 at 7 ¶ 4. This single conclusory sentence is insufficient to state a claim. *Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'") (citing *Twombly*, 550 U.S. at 555); *see Wilkinson v. Sec'y, Fla. Dep't of Corr.*, 622 F. App'x 805, 814 n.8 (11th Cir. 2015).

The undersigned previously warned Phillips that he must plead sufficient *factual* allegations to state a claim and that he could not rely only on his vague and conclusory allegations. Doc. 11 at 3, 7-8 (noting that Phillips failed to allege facts indicating that he holds a belief that was sincerely held and religious in nature or that his preference in a particular meal was tied to any religious tenet or religious belief). Despite two chances to amend his complaint, Phillips has not sufficiently pleaded any factual allegations to support his claim.

Because Phillips has not sufficiently alleged the elements of his First-Amendment claim against Brown, the District Court should dismiss this claim with prejudice.

**B.**    **Failure to Allege Claims Against Rotter Based on _Respondeat Superior_**

Section 1983 claims may not be brought against supervisory officials on the basis of vicarious liability or _respondeat superior_. _Keating v. City of Miami_, 598 F.3d 753, 762 (11th Cir. 2010) (citing _Belcher v. City of Foley_, 30 F.3d 1390, 1396 (11th Cir. 1994)); _see also Hardin v. Hayes_, 957 F.2d 845, 849 (11th Cir. 1992). "However, supervisors are liable under § 1983 'either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional violation.'" _Keating_, 598 F.3d at 762 (quoting _Gonzales v. Reno_, 325 F.3d 1228, 1234 (11th Cir. 2003)).

"A causal connection can be established by, _inter alia_, 'facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" _Id._ (quoting _Gonzalez_, 325 F.3d at 1235). When a plaintiff attempts to establish a causal connection by showing a "history of widespread abuse" such that "the responsible supervisor [was] on notice of the need to correct the alleged deprivation, and [failed] to so," the deprivations must be "obvious, flagrant, and rampant and of continued duration." _Brown v. Crawford_, 906 F.2d 667, 671 (11th Cir. 1990). "The standard by which a supervisor is held liable in [his] individual capacity for the

actions of a subordinate is *extremely rigorous.*" *Doe v. Sch. Bd. of Broward Cnty.*, 604 F.3d 1248, 1266 (11th Cir. 2010) (emphasis added).

Phillips argues that Rotter is liable under the First, Eighth, and Fourteenth Amendments because Phillips was placed in disciplinary confinement for four days pending his disciplinary hearing. During this time, unspecified staff turned off the heat in Phillips's cell and failed to provide him food. The only connection Phillips draws between Rotter and these actions is that Rotter was "the officer in charge of the compound at the NWFRC," and Rotter's responsibilities include the supervision and discipline of correctional staff at the NWFRC. Doc. 15 at 7. He concludes that the actions of these unnamed officers were, therefore, done "on behalf of Rotter." *Id.*

These allegations are insufficient under the "extremely rigorous" standard for *respondeat superior* liability in section 1983 actions. Phillips failed to allege that Rotter personally participated in the constitutional violations. That is, Phillips did not allege that Rotter turned the heat off in Phillips's cell and gave Phillips empty food trays instead of meals.

Additionally, Phillips failed to establish a causal connection between Rotter and the alleged unconstitutional conditions of Phillips's confinement. Specifically, Phillips did not allege that there was widespread abuse of inmates in confinement, such as denying inmates food and heat, that would put Rotter on notice of the abuse

and the need to correct it. Phillips also does not allege facts to support an inference that Rotter directed the subordinates to act unlawfully. At best, Phillips vaguely concludes that various actions were "done on behalf of Rotter." As the undersigned twice explained to Phillips, such vague and conclusory allegations are insufficient to state a claim under section 1983 against a supervisory official. Doc. 11 at 13-14; Doc. 14 at 10.[2] Accordingly, the District Court should dismiss with prejudice Phillips's claims against Rotter under the First, Eighth, and Fourteenth Amendments.

### C.    **Failure to State a Due-Process Claim Against Merrill and Holden**

The Due Process Clause of the Fourteenth Amendment protects against deprivations of "life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. To state a claim for a violation of due process, a prisoner must allege that there was (1) "a deprivation of a constitutionally-protected liberty or property interest"; (2) "state action"; and (3) "constitutionally inadequate process." *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994).

Phillips essentially raises two claims against Holden and Merrill: (1) denial of due process because he was placed in confinement for four days awaiting resolution

---

[2] In the undersigned's second order regarding amendment of his complaint, the undersigned advised Phillips that he should not bring a claim against an individual simply because he was the supervisor of another defendant and that doing so likely would result in dismissal of such a claim. Doc. 14 at 10.

of the pending disciplinary hearing and (2) denial of due process in August 2018 with his placement in close management.

1.    *Phillips Failed to Allege that Defendants Deprived Him of Due Process with Respect to the February 2021 Disciplinary Hearing*

In the prisoner-plaintiff context, "[d]etermining whether one was deprived of liberty interest presents a unique challenge" because prisoners "are already deprived of their liberty in the ordinary understanding of the word." *Kirby v. Siegelman*, 195 F.3d 1285, 1290 (11th Cir. 1999). The Supreme Court has identified two situations in which a prisoner can be further denied a constitutionally protected liberty interest. *Id.* "For an inmate to state a claim that prison officials have deprived him of a liberty interest in violation of due process, he must establish either that the 'deprivation of [a] benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"' or that 'a change in [his] conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court.'" *Fuller v. Gates*, 656 F. App'x 944, 946 (11th Cir. 2016) (quoting *Kirby*, 195 F.3d at 1291); *see Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Vitek v. Jones*, 445 U.S. 480, 492-93 (1980). A plaintiff is entitled to the due-process protection only if he is deprived of a "protected liberty interest." *Sandin*, 515 U.S. at 484-87.

"Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.* at

485. Thus, a mere allegation that a plaintiff was placed in disciplinary confinement is insufficient to establish a deprivation of a protected liberty interest. *Morrall v. Warden*, 859 F. App'x 883, 884 (11th Cir. 2021) ("The Due Process Clause does not create an enforceable liberty interest in freedom from restrictive confinement while a prisoner is incarcerated.") (citing *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). Rather, the plaintiff must allege that the disciplinary confinement caused an "atypical" or "significant hardship." *Sandin*, 515 U.S. at 484.

The "atypical and significant hardship must . . . be severe relative to regular prison." *Smith v. Deemer*, 641 F. App'x 865, 868 (11th Cir. 2016) (concluding that allegations that restricted library access did not amount to a liberty interest); *see Morefield v. Smith*, 404 F. App'x 443, 446 (11th Cir. 2010) (holding that four years in administrative confinement "did not tip the balance in favor of establishing a liberty interest" because the conditions were "generally equivalent to general prison population conditions"); *Al-Amin v. Donald*, 165 F. App'x 733, 738 (11th Cir. 2006) (holding that a prisoner's "[c]onfinement to administrative segregation, under conditions similar to those experienced by the general population of prison," for a total period of thirty months does "not implicate liberty interests"); *but see Magluta v. Samples*, 375 F.3d 1269, (11th Cir. 2004) (holding that an inmate had a liberty interest in not being confined under "extremely harsh" conditions for a period exceeding 500 days); *Williams v. Fountain*, 77 F.3d 372, 374 n.3 (11th Cir. 1996)

(holding that an inmate had a liberty interest in not being subjected to the harsh condition of solitary confinement for one year).

Phillips asserts that he was deprived of a liberty interest because he was placed in close management for four days while his disciplinary charges were pending.[3] Doc. 15 at 11. Phillips does not allege that the conditions of this confinement for four days caused an atypical or significant hardship. Indeed, Phillips is completely silent on this point. Thus, Phillips's allegations that he was deprived of a liberty are insufficient to establish a liberty interest. *Jamerson v. Sec'y, Dep't of Corr.*, 698 F. App'x 581, 582 (11th Cir. 2017) (affirming district court's dismissal of a prisoner-plaintiff's due-process claim that he was placed in segregation for nine days because he had disciplinary charges pending); *Rodgers v. Singletary*, 142 F.3d 1252, 1253 (11th Cir. 1998) (noting that a prisoner-plaintiff's allegations that he was placed in administrative confinement for two months pending resolution of criminal charges arising from an altercation with a prison guard was insufficient to allege a liberty interest). This is especially true when Phillips received a hearing on the disciplinary report within four days of his placement in the administrative confinement. *See Al-*

---

[3] To the extent Phillips is challenging his sentence of 58 days of "DC time" under a due-process analysis, Phillips's claims fail for the same reasons. That is, he simply has not alleged a sufficient liberty interest. Further, he does not identify what process he was denied with respect to the 58 days of "DC time."

*Amin*, 165 F. App'x at 738 (noting that prison officials must engage in some sort of periodic review of the confinement of inmates in administrative segregation).

Because Phillips failed to allege sufficiently a liberty interest, the District Court should dismiss this claim with prejudice.

### 2. *Phillips Failed to Allege that Defendants Deprived Him of Due Process with Respect to the August 2021 Placement in Confinement*

Placement in administrative confinement for nonpunitive reasons does not implicate a liberty interest sufficient to invoke the Due Process Clause. *Sandin*, 515 U.S. at 484. When an inmate is placed in disciplinary segregation, a liberty interest is implicated only if the placement substantially differs from the ordinary conditions of confinement. *Id.*

Phillips asserts that his placement in confinement created an atypical and significant hardship insofar as he had to prepare for civil, criminal, and administrative proceedings "while only being allowed limited access to prepare material for multiple claims." Doc. 15 at 11 (errors in original). But this allegation that he has "limited access"—presumably to the prison law library—to prepare material for multiple claims and cases is not evidence of an atypical or severe hardship with respect to ordinary prison life. *See Smith v. Deemer*, 641 F. App'x 865, 868 (11th Cir. 2016) (holding that restrictions on access to the prison law library was not an "'atypical and significant hardship' relative to ordinary prison life");

*Ferris v. Jones*, No. 4:14CV454-RH/GRJ, 2015 WL 4668297, at *6 (N.D. Fla. Aug. 5, 2015) (holding that the temporary loss of access to a prison law library did "not constitute a significant and atypical hardship"). For this reason alone, Phillips's claim fails. *See Bruce v. Gregory*, No. 5:09-cv-433-Oc-10PRL, 2012 WL 5907058, at *4 (M.D. Fla. Nov. 26, 2012).

Further, the substance of Phillips's allegations shows that this claim is based on a meritless attempt to assert *respondeat superior* liability. Specifically, Phillips alleges

> On 08/05/21 plaintiffs due process rights were violated due to the fact that plaintiff was approved for close management without being presented with a DC6-238 close management review or a DC6-265 close management review waiver for as incorporated by FAC Ch. 33-601.800(3) where the warden also has a duty to enforce all rules and regulations of the institution. F.S. 944.09.
>
> . . .
>
> From the date of 08/05/21 since being placed on close management to this present date plaintiff has been housed in segregation from a manifest injustice, due process violation, false imprisonment on behalf of J.P Merrill, Warden J. Holden, et al.

Doc. 15 at 11 (errors in original). Although the undersigned and the court-approved form instructed Phillips to explain what each defendant did or did not do that resulted in the alleged violation, Phillips has not presented any facts which suggest that Holden or Merrill were involved in the decision to approve Phillips for close

management. Phillips also does not allege a causal connection between Holden's or Merrill's conduct such that they might be liable as supervisors.

For these reasons, the District Court also should dismiss this claim with prejudice.

**D.**   **The District Court Should Deny Leave to Amend**

On June 7, 2022, the undersigned recommended that the District Court dismiss Phillips's First- and Fourteenth- Amendment claims against all Defendants and his Eighth-Amendment claim against Rotter. Doc. 16. On June 16, 2022, Phillips filed a proposed third amended complaint. Doc. 20.[4]

Rule 15 of the Federal Rules of Civil Procedure governs amending and supplementing pleadings. Rule 15(a) states:

> **(1) *Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course within:
>
> **(A)** 21 days after serving it, or
>
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

---

[4] Phillips did not move for leave to file his third amended complaint, which violates Local Rule 15.1(B) of the Local Rules of the United States District Court for the Northern District of Florida. In addition to the reasons set forth below, the District Court should deny Plaintiff leave to amend his second amended complaint for this violation of Local Rule 15.1(B).

**(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). A party seeking leave to amend under Rule 15(a) bears the burden of establishing entitlement to such leave. *See In re Engle Cases*, 767 F.3d 1082, 1119 n.37 (11th Cir. 2014).

A "district court's discretion to deny leave to amend a complaint 'is severely restricted' by Fed. R. Civ. P. 15, which stresses that courts should freely give leave to amend 'when justice so requires.'" *Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (quoting *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988)). "A district court need not . . . allow amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed . . . ; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). An amendment would be futile "if an amended complaint would still fail at the motion-to-dismiss or summary-judgment stage." *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

The undesigned twice screened Phillips's complaint under 28 U.S.C. §§ 1915 and 1915A. Docs. 11, 14. The undersigned identified several deficiencies, informed Phillips that his claims were deficient, and provided Phillips two opportunities to

provide additional factual allegations to support his claims. Docs. 11, 14. Despite being afforded two opportunities to amend his complaint, Phillips failed to state plausible claims for relief. Docs. 15, 16. Because Phillips has repeatedly failed to cure these deficiencies in his prior complaints, leave to amend should be denied.

Furthermore, amendment would be futile insofar as Phillips's First- and Fourteenth-Amendment claims would still be subject to dismissal for failure to state a claim upon which relief can be granted. Indeed, as to Phillips's First-Amendment claim, Phillips still does not identify any sincerely-held religious belief, and he does not allege that any religious meal was tied to a sincerely-held religious belief. Doc. 20. The undersigned previously explained to Phillips that his claim failed because his allegations failed to show that he holds a belief that was sincerely held and religious in nature or that his preference for a particular meal was tied to any religious tenet or belief. Doc. 11 at 3, 7-8. Although Phillips now asserts that he is agnostic, he does not explain that his preference for a particular meal is tied to his beliefs or lack of beliefs. Doc. 20. Therefore, Phillips's proposed third amended complaint still fails to state a First-Amendment claim against Brown, and the District Court would be required to dismiss this claim even as amended.

Similarly, Phillips's proposed third amended complaints fails to state a claim under the Due Process Clause of the Fourteenth Amendment. With respect to Phillips's allegation regarding an alleged denial of due process on February 5 and 9,

2021, Phillips fails to allege that he was deprived of a liberty interest and any process. *Id.* at 10-11 ¶¶ 18-19, 21. He also does not connect Merrill or Holden to his allegation that he was placed in close management without an ICT review and without being presented with a DC6-238 close management review or a DC6-265 close management review waiver form as required by FAC Ch. 33-601.800(3). Phillips simply states that this was done "on behalf of" Merrill and Holden and that these individuals have a responsibility to apply the FDC regulations. But these allegations again fall short of alleging a plausible causal connection between Holden's and Merrill's actions and the alleged constitutional violation. For these reasons, Phillips's proposed third amended complaint fails to state a claim upon which relief can be granted. The District Court, therefore, also would be required to dismiss these claims as amended.

Finally, Phillips seeks a declaratory judgment that Holden and Merrill violated the Eighth Amendment because they failed to curb physical abuse of prisoners. Doc. 20 at 13. Phillips has previously been advised that supervisors, such as Holden and Merrill, are not liable on a theory of *respondeat superior*. The undersigned explained that Phillips needed to plausibly allege a causal connection between Holden and Merrill. Despite this plain instruction, Phillips does not allege a causal connection between the constitutional violation and these Defendants. Indeed, there are no facts in Phillips's various complaints which suggest that Holden and Merrill

were aware of widespread abuse in the prison or that they failed to stop any widespread abuse. The District Court, therefore, also would be required to dismiss this claim.

Because Phillips has been provided two opportunities to correct the identified deficiencies and Phillips's proposed third amended complaint still fails to state a claim upon which relief can be granted, the District Court should deny Phillips's implicit request for leave to file his third amended complaint.

## IV. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **DENY** Phillips's implicit request for leave to file his third amended complaint. Doc. 20.

2.    under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief can be granted, **DISMISS with prejudice** Phillips's First-Amendment claim against Defendant Nathaniel Brown.

3.    under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief can be granted, **DISMISS with prejudice** Phillips's First-, Eighth-, and Fourteenth-Amendment claims against Defendant K. Rotter.

4.      under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief can be granted, **DISMISS with prejudice** Phillips's Fourteenth-Amendment claims against Defendants J. Holden and J.P. Merrill.

5.      recommit this case to the undersigned to address Phillips's remaining individual-capacity Eighth-Amendment excessive-force claims against Defendants Nathaniel Brown and A. Williams.

At Pensacola, Florida, this 28th day of June, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The district court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**